**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4415**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE EARL JENKINS,

Defendant - Appellant.

**No. 18-4541**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE EARL JENKINS,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:17-cr-00106-CCB-4; 1:17-cr-00638-CCB-1)

Submitted: December 18, 2018          Decided: December 20, 2018

Before AGEE, THACKER, and HARRIS, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

Steven H. Levin, LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Derek Edward Hines, Leo Joseph Wise, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Wayne Earl Jenkins appeals his convictions and 300-month sentence imposed after pleading guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (2012); racketeering, in violation of 18 U.S.C. § 1962(c) (2012); two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (2012); destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519 (2012); and four counts of deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242, 2 (2012). Jenkins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether Jenkins' plea is knowing and voluntary and whether his sentence is reasonable. Jenkins was informed of his right to file a pro se supplemental brief, but has not done so. The Government has moved to dismiss Jenkins' claim of sentencing error, invoking the appellate waiver contained in Jenkins' plea agreement. We grant the Government's motions to dismiss, dismiss the appeals in part, and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). An appellate waiver must be knowing and voluntary. *Id.* We generally evaluate the validity of a waiver by reference to the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Jenkins knowingly and voluntarily pleaded guilty and waived his right to appeal his convictions and sentence, and that the sentencing issue Jenkins seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motions to dismiss Jenkins' appeals of his sentence.

Next, a guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Because Jenkins neither raised an objection during the Rule 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Jenkins "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pleaded guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pleaded guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013).

We conclude that the district court did not plainly err in finding that Jenkins knowingly and voluntarily entered his plea and that it was supported by an adequate factual basis. Thus, we conclude that Jenkins' plea was knowing and voluntary, *Fisher*, 711 F.3d

4

at 464, and "final and binding," *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no unwaived meritorious issues for appeal. We therefore affirm the remainder of the judgments of the district court. This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*